**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ESTATE OF BRUCE H. BARTON,[*]
*Plaintiff-Appellant*,

v.

ADT SECURITY SERVICES PENSION
PLAN, a pension plan; TYCO
INTERNATIONAL MANAGEMENT
COMPANY, as plan sponsor; TYCO
INTERNATIONAL MANAGEMENT
COMPANY, LLC, Administrative
Committee,
*Defendants-Appellees.*

No. 13-56379

D.C. No.
2:12-cv-06971-
BRO-CW

ORDER

Filed September 20, 2016

Before: Alex Kozinski, Sandra S. Ikuta,
and John B. Owens, Circuit Judges.

Order;
Dissent by Judge N.R. Smith

---

[*] The Estate of Bruce H. Barton is substituted as Plaintiff-Appellant pursuant to Fed. R. App. P. 43(a).

## SUMMARY[**]

### Employee Retirement Income Security Act

The panel denied a petition for panel rehearing and, on behalf of the court, denied a petition for rehearing en banc in an ERISA case.

Dissenting from the denial of rehearing en banc, Judge N.R. Smith, joined by Judges O'Scannlain, Gould, Tallman, Bybee, Callahan, Bea and Ikuta, wrote that the panel's opinion ignored Supreme Court and Ninth Circuit precedent in placing on the ERISA plan administrator the burden of proof regarding the plaintiff's eligibility for pension benefits.

## COUNSEL

Morris S. Getzels (argued), Morris S. Getzels Law Office, Tarzana, California, for Plaintiff-Appellant.

Stuart D. Tochner (argued), Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Los Angeles, California, for Defendants-Appellees.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

Judges Kozinski and Owens have voted to deny the petition for panel rehearing and rehearing en banc. Judge Ikuta has voted to grant the petition for panel rehearing and rehearing en banc.

The full court was advised of the petition for rehearing en banc. A judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are **DENIED.**

---

N. R. SMITH, Circuit Judge, with whom O'SCANNLAIN, GOULD, TALLMAN, BYBEE, CALLAHAN, BEA, and IKUTA, Circuit Judges, join, dissenting from the denial of rehearing en banc:

A party may petition for rehearing en banc when "the panel decision conflicts with a decision of the United States Supreme Court or of the court to which the petition is addressed . . . and consideration by the full court is therefore necessary to secure and maintain uniformity of the court's decisions." Fed. R. App. P. 35(b)(1)(A).

In this case, the majority ignores United States Supreme Court precedent and our own Employee Retirement Income Security Act ("ERISA") precedent and thus fails to maintain

the uniformity of the courts' decisions. Therefore, I must dissent from our court's refusal to rehear this case en banc.

The United States Supreme Court mandated the standard for reviewing the decisions of ERISA plan administrators in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 111, 115–16 (1989). It stated that courts should apply an abuse of discretion standard where, as here, the plan administrator had discretionary authority to determine the claimant's eligibility for benefits. *See id.* at 115 (citing Restatement (Second) of Trusts § 187 cmt. d (1959)). In *Metropolitan Life Insurance Co. v. Glenn,* the Supreme Court applied *Firestone*'s deferential standard, even where the plan administrator had a conflict of interest arising from her dual role of both evaluating and paying benefits claims. 554 U.S. 105, 108 (2008). The Court refused to create special burden-of-proof rules, or other special procedural or evidentiary rules, as an exception to *Firestone* deference. *Id.* at 116. In *Conkright v. Frommert,* the Court reaffirmed the "broad standard of deference" accorded to plan administrators under *Firestone* and concluded this deference was not "susceptible to ad hoc exceptions." 559 U.S. 506, 513 (2010).

Under the *Firestone* abuse of discretion standard, the "test for abuse of discretion . . . is whether 'we are left with a definite and firm conviction that a mistake has been committed.'" *Salomaa v. Honda Long Term Disability Plan,* 642 F.3d 666, 676 (9th Cir. 2011) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262) (9th Cir. 2009) (en banc)). Thus, we should only overrule the plan administrator's decision if it is "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Salomaa*, 642 F.3d at 676 (quoting *Hinkson*, 585 F.3d at 1262). This standard of review applies to the plan

administrator's factual determinations as well as to her ultimate decision. *Walker v. Am. Home Shield Long Term Disability Plan,* 180 F.3d 1065, 1069–70 (9th Cir. 1999).

Here, the majority agrees the plan gave discretion to the plan administrator to determine Barton's eligibility for benefits. The majority does not fault the district court in reviewing the administrator's decision with a low degree of skepticism. The majority agrees that the review in this case is limited to the administrative record. Judge Ikuta's dissent outlines the evidence in the record, demonstrating that the evidence therein is more than adequate to support the plan administrator's decision. Thus, the decision is not illogical, implausible, or without support in the record. *See Hinkson*, 585 F.3d at 1262. No one argues that the plan administrator was aware of additional evidence that would change the decision. The recordkeeping and disclosure requirements imposed on the plan administrator by 29 U.S.C. § 1024(b)(4) were met, and the plan administrator provided all the required information to Barton. The majority provides no authority for the proposition that ADT had a legal duty to maintain the other information sought here. Under this deferential abuse of discretion standard of review, there exists no clearer case to affirm the district court.

The majority even admits that, "[t]he district court faithfully applied our precedent in reviewing the Committee's denial of benefits for abuse of discretion." *Estate of Barton v. ADT Sec. Servs. Pension Plan*, 820 F.3d 1060, 1065 (9th Cir. 2016). However, the majority then abandons the abuse of discretion standard. It invents an unprecedented burden-of-proof standard that only it seems to have had the foresight to impose on plan administrators. Never mind that (1) Supreme Court precedent doesn't permit for ad hoc exceptions to this

standard of review; (2) our precedent requires that Barton show the administrator's decision was illogical, implausible, or without any support of inferences in the record; (3) even reviewing a plan administrator's decision de novo, the burden of proof remains on the claimant; (4) there is no precedent for shifting the burden of proof to the administrator; and (5) circuit precedent clearly bars this burden shifting. *See Muniz v. Amec Constr. Mgmt., Inc.*, 623 F.3d 1290, 1294–95 (9th Cir. 2010).

Why have the Supreme Court and our circuit mandate standards of review if judges can ignore them at any time they are so inclined? Our circuit has inexplicably turned its back on the principle of stare decisis in this case. From this time forward, can each panel decide the law on its own, provided enough active judges are willing to live with it?